UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 DEC 28 P 5: 53

| | |
|---|---|
| Jerome Addison, # 243778, | ) C/A No. 2:05-3479-HFF-RSC |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| State of South Carolina;<br>County of Charleston, | ) |
| Respondents. | ) |

The petitioner, Jerome Addison (Petitioner), files for habeas relief pursuant to 28 U.S.C. § 2254.[1] The petition reveals Petitioner is an inmate at Lieber Correctional Institution of the South Carolina Department of Corrections. Petitioner is serving two life sentences without the possibility of parole. On September 5, 1997, he was found guilty by a jury in the Charleston County Court of General Sessions on charges of (i) kidnaping and (ii) assault and battery with intent to kill. The petition for habeas relief is based on these 1997 convictions. The petition should be dismissed as successive.

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25

---

[1] Petitioner fails to file his habeas petition on the required form, or a form substantially similar, in accordance with Rule 83.VIII.04 of the Local Civil Rules of this district. Because this is not the first habeas petition filed by Petitioner and his petition should be dismissed as successive, it would serve no purpose to have Petitioner file on the correct form.

(1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). "If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government." Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## Discussion

A review of this Court's records reveals more details of Petitioner's procedural history.[2] After Petitioner was convicted and sentenced in 1997, a timely direct appeal was

---

[2] The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. Mann v. Peoples First Nat. Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954); *see also* Colonial Penn Insurance Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content

2

filed on behalf of Petitioner. The South Carolina Court of Appeals issued an opinion affirming Petitioner's convictions and sentences on December 6, 1999. State v. Addison, 338 S.C. 277, 525 S.E.2d 901 (Ct. App. 1999). Petitioner's Writ of Certiorari filed with the South Carolina Supreme Court was granted as to one issue. The South Carolina Supreme Court affirmed Petitioner's convictions and sentences in an opinion filed on December 11, 2000. State v. Addison, 343 S.C. 290, 540 S.E.2d 449 (2000). Petitioner has provided no information concerning any post-conviction relief applications he may have filed in state court.[3]

Petitioner has previously filed three petitions for writ of habeas corpus with this Court concerning the same 1997 convictions challenged in this case.[4] The first petition was dismissed based on Petitioner's failure to exhaust state court remedies prior to filing a petition under 28 U.S.C. § 2254. See Jerome Addison v. State of South Carolina, et al., C/A No. 2:00-2149. Petitioner's second petition for writ of habeas corpus in this Court was dismissed by Order of the Honorable C. Weston Houck, United States District Judge, signed August 7, 2001, which affirmed and adopted the findings of the undersigned's

---

of court records.'"). The procedural history herein is taken from § 2254 actions previously filed by Petitioner in Jerome Addison v. State of South Carolina, et al., C/A No. 2:00-2557; and Jerome Addison v. State of South Carolina, et al., C/A No. 2:00-2149. Petitioner has also filed a habeas petition concerning his 1997 convictions in Jerome Addison v. South Carolina Department of Correction, et al., C/A No. 2:02-2271.

[3] With respect to his convictions and sentence, the petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. See 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973).

[4] See note 1, supra. Petitioner also filed a habeas petition in 1990 based on a prior conviction. See Jerome Addison v. Parker Evertt, et al., C/A No. 3:90-2693.

Magistrate Judge's Report and Recommendation.[5] *See* Jerome Addison v. State of South Carolina, et al., C/A No. 2:00-2557. Petitioner has again filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254 based on his 1997 convictions, which should also be dismissed.

"Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal postconviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See* Felker v. Turpin, 518 U.S. 651, [657] (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

In re Vial, 115 F.3d at 1194 (footnote omitted).

The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

---

[5] Judge Houck states in his Order that "[s]pecifically, the Magistrate Judge concluded that the petitioner's claims of prosecutorial misconduct should have been raised on direct appeal, and that the petitioner's failure to raise the issue bar him from doing so in this action. The Magistrate Judge also concluded that the petitioner had failed to demonstrate sufficient cause, prejudice or fundamental miscarriage of justice to excuse a procedural default."

4

The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); see §§ 2244(b)(3)(B), (D).

Felker v. Turpin, 518 U.S. 651, 657 (1996).[6]

Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the within petition in the district court, this Court does not have jurisdiction to consider it. See Romandine v. United States, 206 F.3d 731, 734 (7th Cir. 2000); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Hernandez v. Campbell, 204 F.3d 861, 866 (9th Cir. 2000); United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000); Lopez v. Douglas, 141 F.3d 974, 975-76 (10th Cir.), cert. denied, 525 U.S. 1024 (1998); Williams v. Hopkins, 130 F.3d 333, 336 (8th Cir.), cert. denied, 522 U.S. 1010 (1997); Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir.), cert. denied, 520 U.S. 1203 (1997).

Finally, Petitioner files a Motion for Temporary Restraining Order to enjoin the Defendants from Petitioner's "unlawful restraint." A Motion for Temporary Restraining Order is not an appropriate avenue to request release from unlawful restraint, as "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release...." Heck v. Humphrey, 512 U.S.

---

[6] "[A] petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, see 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii)." Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)). Because this Court does not have jurisdiction in this case and the motion for temporary restraining order seeks relief that is not available, the Motion for Temporary Restraining Order should be denied.

### Recommendation

Accordingly, it is recommended the Petitioner's Motion for Temporary Restraining Order be denied. It is also recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondents. See Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that Petitioner's claims are either barred from review or without merit); Allen v. Perini, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

December 28, 2005
Charleston, South Carolina

6

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.) (party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989) ("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984) ("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

7