

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JEROME ADDISON, § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO.2:05-3479-HFF-RSC |
| § | |
| STATE OF SOUTH CAROLINA, COUNTY § | |
| OF CHARLESTON, § | |
| Respondents. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND DISMISSING PETITION**

This is a *habeas corpus* petition filed pursuant to 28 U.S.C. § 2254. Petitioner is proceeding *pro se*. The matter is before the Court for review of the report and recommendation (Report) of the United States Magistrate Judge in which he recommends that the Court dismiss the petition. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed his Report on December 28, 2005, and Petitioner filed objections on January 6, 2006. Petitioner's lengthy objections are replete with citations to various provisions of the South Carolina Constitution, the Rules of Civil Procedure, and federal statutes, but they fail to address the Magistrate's legal conclusions regarding the filing of a second or successive *habeas* petition.

Specific objections are necessary to focus the Court's attention on disputed issues. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). Because general objections to a Magistrate Judge's report do not direct the Court's attention to any specific portion of the report, they are tantamount to a failure to object. *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in magistrate judge's report, after warning of consequences of failure to object, waives further review). Here, the objections, though lengthy and specific in their content, make no reference to the legal reasoning of the Report. Specifically, Petitioner fails to offer any arguments as to why his petition is not barred by the procedural rules of the AEDPA. Further, the Court has reviewed the record in this petition and the law and is convinced that the Magistrate's recommendation that this petition be dismissed is proper.

Accordingly, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that this petition be **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 12th day of January, 2006, in Spartanburg, South Carolina.

                    s/ Henry F. Floyd
                    HENRY F. FLOYD
                    UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within **thirty (30)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.